UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-cr-117-JPH-DML-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| TRAMALE HOOSER | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRAMALE HOOSER, )  -01<br>)<br>Defendant. ) | No. 1:19-cr-00117-JPH-DML |

**ORDER**

Defendant Tramale Hooser has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 45. Mr. Hooser seeks immediate release from incarceration because of the COVID-19 pandemic. For the reasons explained below, his motion is **DENIED**.

**I.   Background**

In 2019, Mr. Hooser was sentenced to 120 months of imprisonment and 5 years of supervised release after he pled guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1). Dkts. 37, 38. The Court ordered that the sentence of imprisonment would run consecutively to any sentence imposed in another pending case in the Central District of Illinois. Dkt. 38. Mr. Hooser is currently serving his sentence at FCI Elkton in Lisbon, Ohio. *See* https://www.bop.gov/inmateloc/ (last visited July 30, 2021). His anticipated release date (with good-conduct time included) is September 10, 2027. *Id.*

The Court appointed CJA counsel to represent Mr. Hooser, dkt. 47, and appointed counsel filed a motion seeking a sentence reduction under § 3582(c)(1)(A), arguing that Mr. Hooser's

health conditions combined with the COVID-19 pandemic to create extraordinary and compelling reasons warranting his immediate release from incarceration, dkt. 45. The United States responded in opposition, dkt. 50, and Mr. Hooser replied, dkt. 51. After Mr. Hooser's motion was ripe, the Court directed the United States to provide information about whether Mr. Hooser had received or been offered the COVID-19 vaccine. Dkt. 55. In response, the United States filed a medical record showing that Mr. Hooser had refused the opportunity to receive the Moderna COVID-19 vaccine on April 6, 2021. Dkt. 58-1. The Court then ordered Mr. Hooser to show cause why the Court should not deny his motion because the COVID-19 pandemic no longer presented an extraordinary and compelling reason for his release. Dkt. 59. Mr. Hooser filed a response to the show-cause Order. Dkt. 60. Thus, his motion is ripe for decision.

## II.     Legal Standard

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.' 18 U.S.C. § 3582(c)(1)(A)." *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). "The movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

3

**III.    Discussion**

Mr. Hooser argues that he has established extraordinary and compelling reasons for release because he has various medical conditions (including obesity, chronic lung disease, and hypertension) that place him at risk for having a severe illness if infected with COVID-19 and he cannot adequately protect himself from being reinfected while incarcerated. *See* dkts. 45, 51. He also argues that the sentencing factors in § 3553(a) favor release, emphasizing that the COVID-19 pandemic has caused him to re-prioritize his life, he would like to spend more time with his family, he has medical conditions that hamper his ability to live a normal lifestyle, and he will live with his family if released. *See* dkt. 45. In response to the Court's direction, the United States submitted evidence showing that Mr. Hooser was offered the Moderna COVID-19 vaccine in April 2021 but declined the opportunity to receive the vaccine. Dkt. 58-1. It also argues that Mr. Hooser would be a danger to the community if released and that the § 3553(a) factors weigh against release. Dkt. 50.

In response to the Court's show-cause Order, Mr. Hooser's counsel offered various reasons for Mr. Hooser's decision to decline the vaccine. Dkt. 60. He represents that Mr. Hooser has concerns about the safety of the vaccines authorized for use in the United States and argues that Mr. Hooser should not be punished for choosing to wait for a vaccine that uses older, more familiar technologies that are less likely to cause side effects, such as Novavax's pending vaccine. *Id.* He represents that Mr. Hooser's fears are compounded by the fact that none of the vaccines in the United States have been fully approved by the FDA. *Id.* He represents that Mr. Hooser is concerned that the clinical trials conducted by Pfizer, Moderna, and Johnson & Johnson are not as rigorous as they should be and that the regulatory process is bowing to political pressures and fears about the pandemic. *Id.* He represents that Mr. Hooser is concerned with the potential side effects of

receiving a vaccine, including myocarditis. *Id.* He represents that Mr. Hooser is concerned that he cannot sue any of the major manufacturers if he develops a rare, serious side effect, but instead could only be compensated through the Countermeasures Injury Compensation Program. *Id.* He represents that Mr. Hooser is wary of vaccines because the United States government has a sordid history of medical experimentation on prisoners and African Americans. *Id.* Finally, he represents that Mr. Hooser does not believe he would be safe from COVID-19 if he received one of the currently authorized vaccines because he is obese and has other medical conditions. *Id.*

Mr. Hooser has not presented any evidence that he declined the vaccine for any of the above-stated reasons. Regardless, the question is not whether Mr. Hooser has presented a good enough reason for declining the vaccine. He is, of course, free to refuse the vaccine. The question the Court faces is whether extraordinary and compelling reasons support his immediate release. They do not.

Three vaccines are being widely distributed in the United States, including the Moderna vaccine that Mr. Hooser was offered. Although no vaccine is perfect, the CDC has recognized that mRNA vaccines like the Moderna vaccine are effective at preventing COVID-19 and that COVID-19 vaccination prevented most people from getting COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited July 30, 2021). The CDC also reports that the COVID-19 vaccines authorized for use in the United States offer protection against most variants currently spreading in the United States. *Id.* The vaccines are not 100% effective, and some vaccinated people may still get sick. *Id.* The CDC reports, however, that mRNA COVID-19 vaccines have been shown to provide protection against severe illness and hospitalization among people of all ages eligible to receive them, including people 65 years and older who are at higher risk of severe outcomes from COVID-19. *Id.* And,

while the vaccines do produce some side effects (including myocarditis), the CDC has found that the vaccines are safe and that serious side effects are rare. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/safety-of-vaccines.html (last visited July 30, 2021).

COVID-19 vaccines have also been made widely available within the BOP, including at FCI Elkton. Indeed, Mr. Hooser was offered the opportunity to receive the vaccine. In addition, more than three-quarters of the inmates at FCI Elkton[1] have now been fully inoculated against COVID-19, which should provide some protection to Mr. Hooser. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited July 30, 2021) ("In addition to providing protection against COVID-19, there is increasing evidence that COVID-19 vaccines also provide protection against COVID-19 infections without symptoms (asymptomatic infections). COVID-19 vaccination can reduce the spread of disease overall, helping protect people around you."). This widespread vaccination effort appears to be meeting with some success, as evidenced by the fact that FCI Elkton currently has no active COVID-19 infections among inmates. *See* https://www.bop.gov/coronavirus/ (last visited July 30, 2021).

Recently, the U.S. Court of Appeals for the Seventh Circuit held that COVID-19 could not be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, __ F.4th __, No. 20-2906, 2021 WL 3076863 (7th Cir. July 21, 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that

---

[1] As of July 30, 2021, the BOP reports that 1104 inmates at FCI Elkton have been fully inoculated against COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited July 30, 2021). It also reports that a total of 1380 inmates are housed at FCI Elkton, including inmates at the low-security satellite prison. *See* https://www.bop.gov/mobile/about/population_statistics.jsp (last visited July 30, 2021).

6

he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at *2. Moreover, the court concluded that "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id.*

Given the reasoning of *Broadfield* and absent evidence that the vaccine is medically contraindicated for Mr. Hooser, the Court declines to find that the risks he faces from the COVID-19 pandemic are an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Sigers*, No. 3:17-cr-40-RLY-MPB-13, dkt. 647 (S.D. Ind. Apr. 19, 2021) (finding no extraordinary and compelling reason where defendant had conditions that increased risk of severe COVID-19 symptoms but declined vaccine without giving explanation); *see also United States v. Tello*, No. 4:18-CR-7, 2021 WL 2005792, at *7 (E.D. Tex. May 18, 2021) (a prisoner "cannot be heard to complain about the dangers of COVID-19 in prison and then fail to take the available measures to mitigate the risk, such as being vaccinated"); *United States v. Garcia*, No. 14-CR-20035, 2021 WL 1499312, at *4 (C.D. Ill. Apr. 16, 2021) ("Courts across the country appear to have consistently ruled that an inmate's refusal of a COVID-19 vaccine weighs against a finding of extraordinary and compelling circumstance to justify relief."); *United States v. Lohmeier*, No. 12 CR 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) ("In declining vaccination (twice), [Defendant] declined the opportunity to reduce his exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction.").

Because Mr. Hooser has not shown an extraordinary and compelling reason warranting a sentence reduction, the Court need not discuss at length whether the § 3553(a) factors favor release. *See United States v. Ugbah,* __ F.4th __, No. 20-3073, 2021 WL 3077134, at *2 ("The § 3553(a) factors need be discussed only 'to the extent they are applicable'—all a district judge need do is provide a sufficient reason for the decision. One good reason for denying a [compassionate release motion] is enough; more would be otiose."). The Court concludes, however, that they do not favor release. When he was arrested, Mr. Hooser possessed a significant amount of methamphetamine, more than $1,000 in cash, and multiple cell phones. Dkt. 34 at 3. He has multiple prior felony convictions, including convictions for mob action, aggravated discharge of a firearm, forgery, being a felon in possession, and drug offenses. *Id.* at 5–8. He has served only a small portion of his 120-month sentence and is not due to be released for more than 6 years. The Court recognizes that Mr. Hooser has some medical conditions that impact his quality of life and that he will have family support if released. While it is admirable that Mr. Hooser wishes to re-prioritize his life and spend more time with his family, releasing him from incarceration now would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. Moreover, while the Court is sympathetic to the risks that inmates like Mr. Hooser face from COVID-19, it cannot find that the current magnitude of the risk presented by COVID-19 supports releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors

outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### IV.  Conclusion

For the reasons stated above, Mr. Hooser's motion for compassionate release, dkt. [45], is **denied**.

**SO ORDERED.**

Date: 7/30/2021

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel